

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Honorable D. C. Greer
State Highway Engineer
Austin, Texas

Dear Mr. Greer:

> Opinion Number O-2875
> Re: Authority of Highway Department and counties of the State to cooperate in the construction of lateral roads from funds made available for such work by the provisions of H. B. 688.

We are in receipt of your letter of October 30, requesting our opinion as to the legality of the procedure contemplated by the following state of facts:

> "Hutchinson County has requested the Highway Department to locate, prepare plans and specifications, receive bids, award the contract and supervise the actual construction of a lateral road from Borger through the town of Fritch to a connection with Highway 136 at the Potter County line. The county proposes to make available for such work the sum of $125,000 which has accrued to the credit of the county from the Board of County and District Road Bond Indebtedness under the provisions of H. B. 688, passed by the Regular Session of the 46th Legislature (Article 6674-q-7, Vernon's Annotated Civil Statutes, 1925).

> "In order to accomplish this work the Highway Commission proposes to enter into a written agreement with Hutchinson County whereby the $125,000 to be furnished by the county shall be placed in escrow and expended for the purposes outlined herein. After such construction work, the road will be designated as a State highway and any future construction, as well as all maintenance, will be done by the Highway Department."

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

For purposes of this opinion we must assume
that the $125,000 mentioned in your statement of facts is
the sum of money accruing to the county through the Lateral
Road Fund provided in H. B. 688, and represents funds re-
maining after the payment of right-of-way obligations, which
payment constitutes a first charge on such money.  In para-
graph 5 of subsection (h) of Section 6 of H. B. 688 we find
the following language:

"Funds remaining in the Lateral Road
Fund of any county, after the payment of said
right-of-way obligations, may be used by the
county under the direction of the Commission-
ers' Court for any one or all of the following
purposes * * * (e) for the purpose of cooperat-
ing with the State Highway Department and the
Federal Government in the construction of farm-
to-market roads."

In paragraph 11 of subsection (h) we find the
following:

"In the event the Commissioners' Court
elects to cooperate with the Highway Department
in the building of or in the construction of
farm-to-market roads, it shall by proper reso-
lution entered upon its minutes authorize the
State Treasurer to pay such funds to be so used
over to the State Highway Department for use on
certain designated projects. * * *"

We think it clear that the above quoted provi-
sions of H. B. 688 contemplate just such a procedure as that
proposed in the statement of facts contained in your letter,
and we further think that in order to accomplish this work
the Highway Commission and county are authorized to enter
into a written agreement containing such terms and conditions
not prohibited by law in effectuating the completion of the
contemplated project.

We note that it is the intention of the High-
way Commission to designate such road as a State Highway

after the construction work is completed, and feel called upon to point out this further provision of H. B. 688, which is found in paragraph 10 of subsection (h) thereof:

"When any road which shall have been constructed by any county wholly from the County Lateral Road Account shall be designated by the State Highway Commission as a part of the system of designated State Highways, the designation of such road by the State Highway Commission shall constitute a full and complete discharge of any and all obligations of the State, moral, legal or implied, for the payment of such highway."

You are, therefore, advised that in our opinion the procedure outlined in your letter is in accordance with the provisions of the statutes and that same may be legally followed.

Trusting that the foregoing satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Clarence E. Crowe*
Clarence E. Crowe
Assistant

CEC-s

APPROVED DEC 5. 1940

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS